UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Crim. No. 04-10054 |
| JUAN TORRES-GARCIA, | ) |
| Defendant. | ) |

**COMMENTARY ON SENTENCING FACTORS**

Now comes the Defendant JUAN TORRES-GARCIA by his attorney ROBERT A. ALVARADO and respectfully requests this court to consider a sentence below the guideline range for the following reasons.

In summary, defendant contends that this court should consider a sentence of 24 months imprisonment or even a sentence of time served because of the inconsistent and arbitrary way that some U.S. Attorneys offices in jurisdictions with "fast-track" programs for disposition of Section 1326 cases have disregarded the stated purpose of the guidelines. In Mr. Torres-Garcia's case, a 24 month or less sentence would serve the ends of justice.

As part of a comparative study of so-called "Fast-Track" programs in several jurisdictions in the United States, members of the Federal Public Defenders Offices in New Mexico, Texas and Arizona shared information about those programs with the Federal Defender Services organization throughout the country. The results illustrate that there is a wide disparity in treatment of offenders charged with illegal reentry under Section 1326.[1]

---

[1] Counsel offers this information acknowledging that it was not independently verified by speaking to AFPDs in those jurisdictions directly. The Government of course can verify or disprove these assertions by consulting with the U.S. Attorneys in those jurisdictions named.

Some prosecutors in some districts (NM, AZ (Tucson), the S.D. and C.D. of CA, and OR) allow Section 1326 charges to be reduced to a violation of 8 U.S.C. 1325 (entry without inspection) which carries a maximum penalty of six months imprisonment for a first offense or up to 24 months imprisonment for a subsequent offense. In the Central District of California and the Western District of Washington for example, this so-called "super fast-track" program would allow a defendant to plead to two violations of Section 1325 for a total stipulated sentence of 30 months imprisonment (6 months on the first and 24 months on the second, sentences to run consecutively). Other jurisdictions allow a 2 level reduction in the offense level for Section 1326 violations with aggravated felony prior convictions (S.D. TX (Brownsville), S.D. TX (McAllen), NM, S.D. CA (San Diego), and Nebraska. In Arizona, a 3 level departure is available for a total offense level 24 Section 1326 case. A 4 level departure is available in the E.D. CA at the discretion of the U.S. Attorney. Other jursidictions have variations of the above described dispositions, but suffice it to say that some U.S. Attorney's Offices throughout the country have widely varying policies as to the treatment of Section 1326 offenders.

Mr. Torres-Garcia contends that in the post-*Booker* atmosphere that he finds himself in, there is no principled reason why this court should adhere rigidly to the guideline range in sentencing him. The above results plainly demonstrate that the stated purpose of the federal sentencing guidelines, i.e., to eliminate arbitrary and inconsistent sentences for similarly situated defendants, is not being followed consistently across the country. Some U.S. Attorney's Offices have taken it upon themselves, by virtue of the authority granted by U.S.S.G. § 5K3.1, to grant some individuals 2, 3, or even the maximum, 4 level departures allowed. Some U.S. Attorney's Offices have disregarded the spirit of 5 K3.1 altogether and allow much more significant departures through charge bargaining.

Mr. Torres-Garcia submits that this court should feel free to impose a sentence below the

guidelines that would meet the requirements of Section 3553(a).  In that regard, a sentence of 24 months imprisonment or even a sentence of time served would serve the ends of justice.  A 24 month sentence is the maximum sentence allowed for a violation of Section 1326 without an aggravated felony conviction and is therefore roughly consistent with his situation and the situation of other offenders eligible for fast track consideration.

        Respectfully submitted,

        JUAN TORRES-GARCIA,
        Defendant


        s/ Robert A. Alvarado

        ROBERT A. ALVARADO
        Assistant Federal Public Defender
        401 Main Street, Suite 1500
        Peoria, Illinois 61602
        Phone: 309/671-7891
        Fax: 309/671-7898
        E-mail: robert_alvarado@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant United States Attorney John Campbell, One Technology Plaza, Suite 400, Peoria, IL 61602.

                                        s/ Robert A. Alvarado

                                        _____
                                        ROBERT A. ALVARADO
                                        Attorney for Defendant
                                        Federal Public Defender's Office
                                        401 Main St., Suite 1500
                                        Peoria, IL 61602
                                        Phone: (309) 671-7891
                                        Fax:: (309) 671-7898
                                        E-mail: robert_alvarado@fd.org